### Barney v. Adkins.

(Decided June 24, 1927.)

### Appeal from Pike Circuit Court.

1. Judgment.—In suit to recover royalties under coal lease, court could not award judgment for royalty claimed in amended petition, which was never filed, notwithstanding defendant filed no responsive pleading to it; there being no duty on defendant to file responsive pleading in such case.

2. Mines and Minerals.—In suit to recover minimum royalties under coal lease, defendant, by traversing allegations of plaintiff's petition as amended, put upon plaintiff burden of proving defendant's obligation to pay royalty in question.

3. Evidence.—In suit to recover minimum royalties under coal lease, certified copy of deed of lease from plaintiff's lessee to defendant did not establish ownership of leasehold in defendant so as to require defendant to pay royalties sued for.

MOORE & CHILDERS for appellant.

J. H. ADKINS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is an appeal from a judgment of the Pike circuit court, whereby the appellee recovered a judgment

of $300 against the appellant and was also adjudged a lien on certain property to secure the payment of that amount. The appellee brought this suit to recover minimum royalties under a coal lease she and her husband had executed in 1916 to the Winston Creek Coal Company. The pleadings of the appellee are in a very confused and defective condition, but it probably may fairly be said that by her original and first two amended petitions she did substantially allege that the appellant had come into the ownership through mesne conveyances of this leasehold, and was thereby obligated to pay the minimum royalty provided for by the lease. This original and first two amended petitions, however, sought to recover only the royalty due in November, 1925. The appellant by his answer completely traversed the petition as thus twice amended. Later, the appellee tendered an amended petition seeking to recover the royalty due in November, 1926, but this amended petition was never filed by any order of court and the appellant never filed any responsive pleading to it. Later, the appellee filed a certified copy of a deed of the trustee in bankruptcy of the Winston-Elkhorn Coal Company to the appellant, which deed purported to convey to him the lease originally made by the appellee to the Winston Creek Coal Company. The appellee then prayed a rule against the appellant requiring him to show cause why he should not verify his answer, and asking that if he failed to do so then the answer be stricken from the record for want of verification. There is no ruling of the court in this record on this motion of the appellee. Appellee then submitted the case for judgment and the court awarded her judgment for $300, being the minimum royalty for the two years mentioned.

It is obvious that the court was in error in awarding any judgment for the royalty claimed to be due in November, 1926. This was set up in an amended petition, which was never filed, and since it was never filed there was no duty on the part of the appellant to file any responsive pleading to it. The claim for this year's royalty was not before the court.

As to the royalty due in 1925, the judgment will also have to be reversed. The appellant traversed the allegations of the appellee's petition as amended, thus putting upon her the burden of proving the obligation on his part to pay the royalty in question. The certified copy

of the deed filed in this record did not supply this proof, because it did not establish the ownership of the leasehold in question in the appellant, except possibly as of the date of the deed, to-wit, April, 1925. Appellant may have disposed of the property long before the following November when the royalty fell due. Indeed, the appellee by a third amended petition did aver that the appellant had sold this property to certain others, but just when he did so she did not say. This was an equity case, and the appellant chose to submit it for judgment on the record as it stood without proof of an essential fact.

The court then should have dismissed her petition in so far as it sought judgment for the royalty due in November, 1925, and should have taken no action on her claim for the royalty for 1926 as that was not before the court. The judgment is therefore reversed with instructions to dismiss the appellee's petition in so far as it sought judgment for the royalty due in November, 1925. It will not affect the claim for the royalty due in November, 1926, as such claim is not before the court.