### Barney v. May, et al.

(Decided October 14, 1927.)

Appeal from Pike Circuit Court.

1.  Landlord and Tenant.—In action against purchaser of lease for rental due under lease, where complaint contained no allegation that on date when rental became due defendant was owner of property or had assumed to pay rental provided for in lease, no cause of action was stated against him, and demurrer should have been sustained.

2.  Landlord and Tenant.—One purchasing rights in lease was not liable for obligation due under lease before time of such purchase, in absence of a special undertaking.

3. Pleading.—In suit against purchaser of lease for rent due under lease, question of rental asserted in amendment to complaint, which was tendered but never filed, was not before court for consideration.

MOORE & CHILDERS for appellant.

J. H. ADKINS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On December 22, 1925, appellees Dulcie and Crit May filed their equitable action against Barney Mining Company, a corporation, alleging that on the 1st of October, 1917, plaintiffs had leased to another designated coal company a tract of land for the purpose of erecting thereon mining houses, and that the lessee in that lease had agreed to pay to the plaintiffs the sum of $100 per year as rental therefor; that the defendant company had bought out the rights and interest of the lessee in that lease, and had assumed all the debts and liabilities of such lessee, and that defendant was therefore indebted to them in the sum of $100, due October 1, 1925.

There was no allegation that Barney Mining Company had become the owner of the lease or assumed the obligations of the lessee on or before the 1st of October, 1925, when the $100 became due, or that defendant company had otherwise assumed this obligation.

On April 5, 1926, and before answer, the plaintiffs filed an amended petition wherein they alleged that on the 1st of October, 1917, they had executed a lease to the Winston Creek Coal Company, wherein the lessee had agreed to pay the rental of $100 per year, and in addition thereto agreed to furnish plaintiffs coal at the tipple for domestic use, which they had failed and refused to do during the year 1925, and up to that date in 1926, which was reasonably worth $25, and also that defendant Barney Mining Company had shipped during the year 1926 180 tons of coal, for which plaintiffs were entitled to the sum of $13.50, being at the rate of 7½ cents per ton, and prayed for a judgment against defendant for $138.50.

This amendment is based upon the theory that the lease referred to in the original petition as having been made only for the purpose of erecting miners' houses, as shown on its face, was also a lease for coal mining pur-

poses, although neither the original nor this amendment so alleges. There is a total failure to allege any facts as a basis for the recovery of either the $25 or the $13.50 item.

On May 4, plaintiffs filed another amended petition wherein for the first time they make appellant J. D. Barney, D. R. Coleman, and C. D. Jacobs defendants. They allege that the three named are interested parties to the action, and ask that the allegations of the original petition stand as against each of them. They then allege that the defendants J. D. Barney and Barney Mining Company, which they have already alleged is a corporation, are one and the same person, and that J. D. Barney is the owner of the Barney Mining Company, and undertake to allege that J. D. Barney is attempting to perpetrate a fraud against them by using the name of Barney Mining Company, and that J. D. Barney is entering upon the leased premises in the name of the Barney Mining Company, but failed to allege any facts disclosing the fraudulent purpose; that J. D. Barney entered upon the leased premises and removed therefrom coal and other property, and failed and refused to pay for the property so removed, and had no title and no right to enter thereupon. It is then alleged that Coleman and Jacobs have entered upon the leased premises and removed therefrom coal and other property without any title or right so to do, and refused to pay for the same. They then ask for an injunction against Barney, Coleman, and Jacobs and the defendant corporation, whereby they may be restrained from entering upon the leased property. Obviously this amendment cured no defects in the former pleadings of the plaintiffs.

After demurrers to these several amendments had been overruled, J. D. Barney and Barney Mining Company filed an answer no more specific in its denials than the plaintiffs' pleadings had been in their allegations.

Then on July 28, 1926, the plaintiffs filed another amendment wherein they allege that they had been informed that defendants Coleman and Jacobs have purchased from defendant J. D. Barney the entire property set out and described in their lease, and that thereby Coleman and Jacobs have become liable to the plaintiffs for the $138.50. They then pray for judgment against Coleman and Jacobs.

To this Coleman and Jacobs file a general demurrer, and without action thereon they filed their answer denying they have purchased from Barney the property described in the plaintiffs' petition, and denying the indebtedness.

Then, on November 9, 1926, the plaintiffs tendered and offered to file another amended petition wherein they allege that since the filing of the petition another sum of $100 as rental had become due in the fall of 1926, and prayed judgment for that $100 in addition to the $138.50 theretofore sought. That amendment was never filed but only tendered. And then on the 18th of November the plaintiffs filed a deed dated March 17, 1926, from C. D. Jacobs, trustee in bankruptcy of the estate of Winston-Elkhorn Coal Company, to J. D. Barney, wherein he conveyed to Barney the mining plant and equipment of the Winston-Elkhorn Coal Company and the rights held by it in certain designated leases.

With the record in this condition on that day the plaintiffs moved to submit the action for judgment, no evidence having been taken. The action was submitted, and the court entered a judgment against J. D. Barney for $238.50, and gave plaintiffs a lien on the leased property to secure the same from which Barney appeals.

There is no allegation in any of the plaintiffs' pleadings that on October 1, 1925, when the first $100 rental became due, that appellant was the owner of the property, or had assumed in any way to pay to plaintiffs the rental provided for in their lease, and obviously without some allegations showing that he had at that time become the owner of the lease and had thereby assumed the obligation of the original lessee, no cause of action was stated against him, and the demurrers should have been sustained. If the deed from Jacobs, trustee, to Barney is to be considered evidence, it discloses that Barney never became the owner of any of the property of plaintiffs' original lessee until the 17th of March, 1926, and, in the absence of a special undertaking by him, could not have then made himself liable for an obligation due on the 1st of October, 1925, by such lessee. It is equally clear that the question of the $100 rental asserted in the amendment which was never filed was not before the court for consideration.

The case in many of its aspects is strikingly similar in its preparation and in the issues attempted to be made

to that of Barney v. Adkins, 220 Ky. 769, 295 S. W. 1039; and the reasons given in that opinion for its reversal apply with equal force to this appeal.

The judgment is reversed, with directions to sustain the demurrers and dismiss the plaintiffs' petition as to all the items except that asserted in the amendment, which was never filed, and which was not therefore before the court.